UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; and THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> SANTOS ENTERPRISES, LLC, a Nevada corporation, <br><br> Defendant. | Case No. 2:23-cv-00832-JCM-EJY <br><br> **ORDER** |

Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint. ECF No. 9. Plaintiffs seek to amend their Complaint to fix a scrivener's error in Defendant's name. Defendant is presently sued as "Santos Enterprises, LLC" while Defendant's correct legal name is "Santos Enterprise, LLC." Defendant, with whom Plaintiffs have been in touch, is arguing, despite what appears to be effective service, that because the entity sued is not properly named, Defendant will not recognize the lawsuit.

Under Federal Rule of Civil Procedure 15(a), the Court "should freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2). Absent prejudice, or a "strong showing" of the other factors, such as undue delay, bad faith, or dilatory motive, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Amendments are to be permitted liberally because, as the Supreme Court observed many years ago, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on

the merits." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 957 (9th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal alterations and quotation marks omitted).  Applicable here, courts routinely permit amendment to complaints to cure scrivener's errors contained within the complaint. *Sumitomo Realty & Dev. Co. v. Tekuro Kamada Proctor*, Case No. 2:19-cv-01899-GMN-VCF, 2020 WL 5764465, at *2 (D. Nev. Sept. 28, 2020) (granting leave to amend to correct scrivener's error); *Microsoft Corp. v. Chatterjee*, Case No. C20-1800-JCC, 2021 WL 3288095, at *1 (W.D. Wash. Aug. 2, 2021) (same).

Here, the evidence supports that no prejudice arises from the proposed amendment as Defendant, who is aware of the litigation, has not participated in this case because it is not technically correctly named.  The Court further finds there is no evidence of undue delay, bad faith, or a dilatory motive.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 9) is GRANTED.

Dated this 24th day of April, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE