Christopher M. Humes Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:  702.382.8135
Email: chumes@bhfs.com
          wnobriga@bhfs.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; and THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>              Plaintiffs,<br><br>v.<br><br>SANTOS ENTERPRISE, LLC, a Nevada limited liability company,<br><br>              Defendant. | CASE No.:  2:23-cv-00832-JCM-EJY<br><br><br><br><br><br>**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE OF PROCESS AND MOTION TO EXTEND TIME TO SERVE PROCESS** |

Presently before the Court is Plaintiffs' Motion for Alternative Service of Process and Motion to Extend Time to Serve Process (the "Motion"). Good cause appearing, the Court finds as follows:

1.      Plaintiffs have diligently attempted to serve Santos Enterprise, LLC ("Santos Enterprise") to no avail. The Trust Funds have attempted to serve Santos Enterprise at three different known addresses, multiple times. Santos Enterprise appears to be actively evading service, making personal service impracticable.

2.      Given the impracticability of personally serving Santos Enterprise, alternative service is proper. Federal Rule of Civil Procedure 4(e)(1) authorizes service of process as "prescribed in a state statute or rule." *Omni Capital Int'l, Ltd. v. Ruldolf Wolff & Co., Ltd.*, 484 U.S. 97, 105 (1987). Nevada Rule of Civil Procedure 4.4 allows for service by alternative methods if "the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable." Nev. R. Civ. P. 4.4(b). Once it is shown that other service methods are impracticable, the Court can allow service by another means if the movant: (1) "provide[s] evidence demonstrating that the movant exercised due diligence to locate and serve the defendant"; (2) "provide[s] evidence of the defendant's known or last-known contact information, 'including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant'"; and (3) "state[s] why the proposed service method comports with due process." *Huang v. Carney*, No. 2:19-cv-00845-GMN-BNW, 2020 WL 8881742, at *3 (D. Nev. Jan. 9, 2020). In this case, Plaintiffs have shown they diligently attempted to locate and serve Santos Enterprise. Plaintiffs have also provided Santos Enterprise's known contact information. Plaintiffs propose serving Santos Enterprise via email on the owner of the business at his email address, which he has frequently used to communicate with counsel for Plaintiffs.

3.      The Nevada Rule of Civil Procedure 4.4 allows for alternative service via "service by email*." Eko Brands, LLC. v. Houseware Sols., LLC*, No. 2:20-CV-2076-RCJ-BNW, 2021 WL 4149016, at *2 (D. Nev. Aug. 20, 2021) (citing *Huang v. Carney*, 2020 WL 8881742, at *3 (D. Nev. Jan. 9, 2020)); *see also MOM Enterprises, Inc. v. Roney Innovations, LLC*, No. 20-CV-04850-TSH, 2020 WL 8614207, at *3 (N.D. Cal. Sept. 17, 2020) (collecting cases). Alternative service via email is proper when it is "reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an

opportunity to respond." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002). Where counsel has communicated with a party via an email address, courts have found that service at such an email address comports with due process. *See*, *e.g.*, *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007). Given Santos Enterprise's communication with counsel via the email, service by email is proper as it will reasonably apprise Santos Enterprise of this lawsuit.

4.      Good cause exists to extend the time to service, given the impracticability of personally serving Santos Enterprise. Federal Rule of Civil Procedure 4(m) provides that "if a plaintiff shows 'good cause' for the failure to serve a defendant within 90 days after the complaint is filed, 'the court must extend the time for service for an appropriate period.'" *Signature Surgery Ctr. LLC v. Cel Servs. Grp.*, Inc., No. 2:21-cv-00215-JCM-EJY, 2022 WL 1432444, at *1 (D. Nev. Apr. 5, 2022). Good cause to extend time to sever process exists "where a plaintiff has shown *diligent efforts to effect service*." *Id.*(emphasis added) (quoting *Mitchell v. City of Henderson*, Case No. 2:13-cv-01154-APG-CWH, 2015 WL 427835, at *7 (D. Nev. Feb. 2, 2015)). Diligent efforts to effectuate service include, but are not limited to, hiring a process server to locate the defendants, searching the public records to locate the defendants, and utilizing attorneys and staff to locate the defendants. *See, e.g.*, *Hunter v. Nat'l Relocation Van Lines*, No. 2:18-cv-00252-RFB-CWH, 2018 WL 3633918, at *2 (D. Nev. July 31, 2018). Plaintiffs have diligently attempted to serve Santos Enterprise at all of its known addresses to no avail.

**Accordingly, IT IS HEREBY ORDERED** that Plaintiffs are permitted to serve Defendants process via email at mauricio@vegasvipcleaning.com. Plaintiffs will utilize the process server Nationwide Legal to effectuate service.

**IT IS FURTHER  ORDERED** that that the time to serve the summons and complaint is hereby enlarged by 60 days measured from today's date. Plaintiffs will have until October 28, 2024, to effectuate service on Defendant.

DATED this 27th day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE