Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile:   (702) 382-8135
Email: chumes@bhfs.com
Email: wnobriga@bhfs.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; and THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST | Case No. 2:23-cv-00832-JCM-EJY |
| | **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |
| Plaintiffs, | |
| vs. | |
| SANTOS ENTERPRISE, LLC, a Nevada corporation, | |
| Defendant. | |

Before the Court is the Plaintiffs', the Boards of Trustees of the Construction Industry and Laborers Health and Welfare Trust, the Construction Industry and Laborers Joint Pension Trust, the Construction Industry and Laborers Vacation Trust, the Southern Nevada Laborers Local 872 Training Trust (collectively referred to as the "Trust Funds") Motion for Default Judgment against Defendant Santos Enterprise, LLC ("Santos"). Default having been entered against Defendant, the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

1

Court having reviewed the Plaintiffs' Motion, being fully advised, and good cause appearing, the Court now makes the following findings of facts and conclusions of law.

**I.    Findings of fact.**

1.      Plaintiffs are the Trust Funds and are fiduciaries for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500.

2.      Santos acted an employer within the State of Nevada employing persons ("Covered Employees") who perform work covered by a collective bargaining agreement ("CBA") between Santos and the Construction Industry and Laborers Union Local 872, to which the Trust Funds are third party beneficiaries.

3.      The CBA requires Santos to make employee benefit contributions to the Trust Funds on behalf of its Covered Employees.

4.      The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.

5.      The Trust Funds are established by Trust Agreements ("Trust Agreements").

6.      The CBA states that Santos "shall agree to abide by all terms and conditions of said Agreement and Declaration of Trust and by any rules and regulations or by-laws adopted by the Trustees" for all of the Trust Funds.

7.      Under ERISA and the Trust Agreements, Santos is obligated to make its books and records available for contract compliance review ("Audit").

8.      Santos initially failed cooperate with the auditing process by refusing to respond to the Trust Funds' requests to make its books and records available for Audit, or to provide any relevant information, which caused the matter to be referred to the Trust Funds' counsel.

9.      Even after referral to the Trust Funds' counsel's office, Santos refused to provide any documents or information, which forced the Trust Funds to file the original Complaint seeking judicial assistance in obtaining the documents needed to perform the Audit.

10.     Eventually, after the Trust Funds filed a lawsuit in the District of Nevada, Santos finally provided the requested information for the Audit.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

32350399.1

11.    The Trust Agreements state that "The Laborers Joint Trust Funds' Collection Policies and Procedures as amended and restated from time to time are incorporated in Trust Agreement by reference and each employer bound by the Trust Agreement is also bound by the Collection Policies and Procedures."

12.    The Collection Policy states that "It is the policy of the Trusts to impose and to collect all . . . audit costs . . . and legal fees against any liable party, delinquent employer or other employer . . . who did not fully cooperate with the auditing process . . . ." As such, even if an employer does not owe delinquent employee benefit contributions as a result of an audit, the employer still must pay the Trust Funds' attorney's fees and auditor's fees if the employer does not cooperate with the auditing process.

13.    Santos did not owe any employee benefit contributions as a result of the Audit, but still must pay the Trust Funds' attorney's fees and auditor fees associated with the Audit. Despite the Trust Funds notifying Santos of this obligation, Santos refused and continues to refuse to pay such amounts.

14.    As a result of its failure to pay the required audit fees and attorney's fees, Santos has breached the CBA, the Trust Agreements and the Collection Policy by not paying the Trust Funds' attorney's fees and audit fees resulting from Santos' failure to cooperate with the audit process.

**II.    Conclusions of Law.**

1.    "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)).

2.    Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. To determine whether a default judgment is appropriate, courts may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

3

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

3.    As to the first factor, the Trust Funds will suffer prejudice if default judgment is not entered because they "will likely be without other recourse for recovery if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, No. 2:16-cv-01067-GMN-GWF, 2016 WL 8077987 (D. Nev. Dec. 7, 2016) (*citing Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F.Supp.3d 1308, 1318 (D. Nev. July 8, 2013)) (internal quotation marks omitted). Santos has failed to meet its obligations under the collective bargaining agreement (and by incorporation, the Trust Funds' trust agreements and collection policy) to pay its audit fees and attorney's fees incurred as a result of its noncompliance with the Audit. Therefore, because the Trust Funds will have no recourse against Santos unless default judgment is granted, the first *Eitel* factor favors the entry of default judgment.

4.    The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471–72. The undisputed facts in this case demonstrate that the terms of the collective bargaining agreement are clear and unambiguous. First, it is clear that the collective bargaining agreement binds signatory employers to the "terms and conditions" of the Trust Funds' trust "[a]greement[s] and [d]eclaration of [t]rust and by any rules and regulations or by-laws adopted by the Trustees" for all of the Trust Funds. In turn, the Trust Funds' trust agreements provide that signatory employers are bound to the Trust Funds' collection policy and procedures. The Trust Funds' collection policy and procedures makes signatory employers liable for audit fees and attorney's fees if they fail to fully cooperate with the auditing process. Thus, this action is meritorious.

The complaint is also sufficient given that the facts alleged show that Santos did not fully cooperate with the auditing process and that Santos has, to date, failed to pay the audit fees or attorney's fees. Thus, the factual allegations show that Santos breached its obligation under the collective bargaining agreement by not paying for the Trust Funds' attorney's fees and audit fees incurred by its noncooperation with the auditing process as required by the Trust Funds' collection

32350399.1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

policy.

5.    The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, in the form of reasonable attorney's fees. The Motion shows that the both the hours expended by the Trust Funds counsel and the rates charged are reasonable. This factor also favors the entry of default judgment.

6.    Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because Santos has had a default entered against it, the allegations in the complaint are deemed admitted and taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)). Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

7.    The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. Santos' failure to answer was not based on excusable neglect. The Second Amended Complaint was filed on April 26, 2024. After the filing of the Second Amended Complaint, the Trust Funds diligently attempted to serve Santos. Despite being served once with the First Amended Complaint, Santos decided to actively evade service by refusing to accept service of the Second Amended Complaint. As a result, this Court granted the Trust Funds' motion for alternative service, allowing it to serve Santos via email, as the Trust Funds had communicated with Santos extensively with its owner and registered agent Mauricio Santos. The Trust Funds served Santos via alternative means on September 5, 2024. Santos was defaulted on October 24, 2024. Since that time, Santos has refused to answer or otherwise plead in this action, despite having knowledge of the lawsuit. The sixth Eitel factor favors the entry of a default judgment.

8.    The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Despite the general policy that cases "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Anzalone*, 2018 WL 3004664 *7 (citing *PepsiCo v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002). "Thus, the preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F.

32350399.1

Supp.2d at 1177 (*citing Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)) (internal quotation marks omitted). Therefore, this factor also weighs in favor of the entry of a default judgment.

9.     The damages set forth by the Trust Funds' and their corresponding calculations are supported by the operative Trust Agreements and the Trust Funds' Collection Policy. Moreover, the attorney's fees incurred are reasonable.

**IT IS HEREBY ORDERED** that judgment is entered against Defendant Santos Construction in the amount of $27,459.50.

DATED April 18, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted by:
BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
*Attorneys for Plaintiffs*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

6

32350399.1